UNITED STATES (BOODY v.). See Case No. 1,636.

## Case No. 14,624.

### UNITED STATES v. BOOK.

[2 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. April Term, 1822.

CRIMINAL LAW—FORMER ACQUITTAL—FORGERY—DRAFT.

1. An acquittal upon an indictment for forging an order with intent to defraud John Lang, is no bar to an indictment for forging the same order with intent to defraud William Lang.

2. An order in these words: "Sir: Please let the bearer have one pair boots. Yours &c., Levin Stewart," is a draft for the delivery of goods, within the act of Maryland of 1799, c. 75, § 2.

[Cited in Garmire v. State, 104 Ind. 445. 4 N. E. 55; Long v. Straus, 107 Ind. 103, 6 N. E. 123. 7 N. E. 766.]

Indictment for forging and uttering the following order: "Sir: Please let the bearer have one pair pair boots. Yours &c., Levin Stewart. Mr. Lang. Geo'town. December 31, 1821."—with intent to defraud one William Lang.

The prisoner [Book, alias Bush] had been indicted before, at the present term, for forging and uttering the same order with intent to defraud one John Lang; but it appearing upon the trial that the name of the person intended to be defrauded was William, and not John, and an exception having been taken by the prisoner's counsel to the variance, he was acquitted on that ground. Upon the present indictment it was agreed by the prisoner's counsel and the attorney for the United States, that the prisoner should have the benefit of the plea of autrefois acquit, upon the plea of not guilty, in the same manner as if he had pleaded it specially.

THE COURT decided that the acquittal

[1] [Reported by Hon. William Cranch, Chief Judge.]

upon the former indictment was not a bar to the present; being of opinion that the exception taken to the former indictment was fatal. See 1 Chit. Cr. Law, 455.

The prisoner's counsel also contended that the instrument forged was not an order within the English decisions upon the English statute of 7 Geo. II. c. 22; Mitchell's Case, cited in 2 East, P. C. 936, and William's Case, 1 Leach, 114; and Ellor's Case, Id. 323.

But THE COURT said, that upon that point he might move in arrest of judgment if the prisoner should be convicted. See U. S. v. Bates [Case No. 14,542] in this court, June term, 1810, upon the act of Maryland of 1799, c. 75, § 2, in which the court decided that the words "draft for the payment of money or delivery of goods," included such an order as the present.

Verdict, "Guilty."

Motion in arrest of judgment overruled.